IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHELLE K. IDEKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0248-CV-W-ODS |
| ) | |
| PPG INDUSTRIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION DENYING MOTION FOR SUMMARY JUDGMENT

Defendants removed this case to federal court in March 2013. Nearly three months later Defendants Harley-Davidson, Inc. and Harley-Davidson Motor Company Operation, Inc. (collectively "Harley-Davidson") filed a Motion for Summary Judgment. Their motion is predicated on a decision dismissing claims asserted against them in a case Plaintiff previously filed in this Court, *Idekr v. PPG Industries, Inc.*, No. 10-0449.[1] Harley-Davidson argues collateral estoppel precludes Plaintiff from re-asserting her claims or relitigating the issues that led to the prior dismissal. The Court disagrees, and the motion (Doc. # 31) is denied.

I. BACKGROUND

Plaintiff alleges she was employed in Harley-Davidson's paint/coating department from 2001 to 2009. Her duties required her to work with paint and other products manufactured by Defendants PPG Industries. These products allegedly contained benzene, and Plaintiff's exposure to these products allegedly caused her to develop Non-Hodgkin's Lymphoma. Plaintiff alleges Harley-Davidson acted negligently,

---

[1]The Complaint in the first case spelled Plaintiff's last name as it appears in the text. The state court Petition that initiated this suit spells Plaintiff's last name as it appears in the caption of this Order. The Court does not know which spelling is correct and which one is wrong.

thereby causing Plaintiff to be exposed to benzene and develop Non-Hodgkins Lymphoma.

In the first suit, Harley-Davidson sought dismissal because Plaintiff's claim was "based on an occupational injury suffered in the State of Missouri and therefore her exclusive remedy arises under the Missouri Workers' Compensation Law." The undersigned agreed and held that after amendments were passed in 2005, the Workers' Compensation Law continued to provide the exclusive mechanism for compensating injuries due to "occupational diseases." In the Order's conclusion, the Court held Plaintiff's claim was one "covered by Missouri's Workers' Compensation Law" and she therefore could "not proceed on her claim in this forum and instead must assert her claim before the [Missouri] Labor and Industrial Commission." Plaintiff's case was then dismissed without prejudice to permit Plaintiff to pursue her claim before the Missouri Labor and Industrial Commission ("the Commission").

Plaintiff filed her claim with the Commission; apparently, that claim remains pending.[2] Plaintiff also instituted this suit in state court; once Plaintiff voluntarily dismissed the diversity-destroying defendants, the remaining defendants removed the case to federal court.

## II. DISCUSSION

### A. Jurisdiction

Harley-Davidson casts the issue in jurisdictional terms. See, e.g., Suggestions in Support at 6. The Court has an independent obligation to evaluate its jurisdiction; although it matters little to the ultimate resolution of the issues, the Court concludes

---

[2]The Court presumes this claim has not been resolved because if it were, Harley-Davidson would have cited this as a reason to preclude Plaintiff's effort to procure a double recovery. E.g., Ballinger v. Gascoasage Elec. Co-op., 788 S.W.2d 506, 515 (Mo. Ct. App. 1990) (overruled on other grounds in Zueck v. Oppenheimer Gateway Properties, Inc., 809 S.W.2d 384 (Mo. 1991) (en banc)); see also Neff v. Baiotto Coal Co., 234 S.W.2d 578, 579-80 (Mo. 1950).

2

neither (1) the issue decided in the first case nor (2) the issue presented by the instant motion is jurisdictional in nature.

Jurisdiction exists for both cases because both this case and the first one involved disputes between citizens from different states and more than $75,000 was in controversy. 28 U.S.C. § 1332. This establishes jurisdiction, notwithstanding the fact that state law would preclude the state courts from deciding the case. Triple H Debris Removal, Inc. v. Companion Property & Casualty Ins. Co., 560 F.3d 881, 883-84 (8th Cir. 2009); Cincinnati Indemnity Co. v. A&K Const. Co., 542 F.3d 623, 624 (8th Cir. 2008). When state law bars its courts from entertaining a claim and instead requires the claim to be presented to an administrative agency (such as the Commission), the appropriate course is to dismiss the suit for failure to state a claim. Id. Thus, the issue to be decided is not jurisdictional in nature.

### B. Collateral Estoppel

Harley-Davidson argues Plaintiff is collaterally estopped from asserting her claim in a judicial forum. In the first case, the Court concluded Plaintiff's claim premised on an occupational disease is still barred despite the 2005 amendments to the Workers' Compensation Law. Harley-Davidson argues this decision binds Plaintiff, even though (1) her claim was dismissed without prejudice and (2) subsequent decisions from the Missouri Court of Appeals suggest the first decision misinterpreted Missouri law.[3]

---

[3]Harley-Davidson also extolls a list of options it believes was available to Plaintiff. Not that it matters to the analysis, but the Court is not convinced all of these options were really viable. Plaintiff could have theoretically asked the undersigned to certify the decision for interlocutory appeal, but such motions are not routinely granted and the request could have been denied either by the undersigned or the Court of Appeals – which would have left Plaintiff no better off. Certification to the Missouri Supreme Court was not an option. Zeman v. V.F. Factory Outlet, Inc., 911 F.2d 107, 108-09 (8th Cir. 1990). As for appealing after dismissing the other defendants, the Court of Appeals has "repeatedly criticized the use of dismissals without prejudice to manufacture appellate jurisdiction in circumvention of the final decision rule." West American Ins. Co. v. RLI Ins. Co., 698 F.3d 1069, 1071 n.1 (8th Cir. 2012).

There may have been other options available. One possibility would have been a motion filed under Rule 60(b)(6). As stated, the viability of these (or any other) options is not important to the analysis.

3

Plaintiff contends (1) the Court's prior interpretation of Missouri law has since been demonstrated to be incorrect and (2) collateral estoppel does not apply.

### 1. Are Plaintiff's Claims Barred by the Missouri Workers' Compensation Law?

The Court elects to consider this issue first. If the Court believes its decision in the first case is correct and Plaintiff's claims are barred by the Workers' Compensation Law, there is no need to consider whether collateral estoppel applies.

As the Court explained previously, a federal court "is bound by decisions of the highest state court when interpreting state law. If the highest state court has not decided an issue we must attempt to predict how the highest court would resolve the issue, with decisions of intermediate state courts being persuasive authority." Progressive N. Ins. Co. v. McDonough, 608 F.3d 388, 390 (8th Cir. 2010) (citations omitted). At the time of the undersigned's first decision, there were no decisions from Missouri courts – leaving the Court to rely only on an ambiguous statute to predict how the Missouri Supreme Court would rule on the issue. Since then, two of the three divisions of the Missouri Court of Appeals have reached an opposite conclusion from the undersigned and ruled that the Missouri Workers' Compensation Law does not provide the exclusive remedy for occupational disease claims. E.g., Amesquita v. Gilster-Mary Lee Corp., 2013 WL 4813996 (Mo. Ct. App. Sep. 10, 2013) (Eastern District); State ex rel. KCP&L of Greater Mo. Operations Co. v. Cook, 353 S.W.3d 14 (Mo. Ct. App. 2011) (Western District). The third division has not spoken on the issue but has seemingly endorsed the other divisions' analysis that the law creates distinctions between "injuries by accident" and "injuries by occupational disease." See Kirkpatrick v. Missouri State Treasurer as Custodian of the Second Injury Fund, 404 S.W.3d 327, 329 (Mo. Ct. App. 2012) (Southern Division) (citing Cook, 353 S.W.3d at 18). A state's intermediate appellate courts are persuasive and not binding, but it is hard not to be persuaded by the seeming unanimity of Missouri's three appellate divisions. The Court's prediction as to how the Missouri Supreme Court would rule on this novel issue has proved to be incorrect.

## *2. Does Collateral Estoppel Apply?*

The heading to this discussion does not fully convey the question at hand. More completely, the question at hand is: does collateral estoppel bind Plaintiff to the results of the Court's previous incorrect decision? Defendant explicitly contends the answer is "yes," that Plaintiff is stuck with the consequences of the Court's incorrect ruling, but the Court disagrees.

The parties seem to agree that Missouri law dictates the collateral estoppel effect of the first case's order. "Collateral estoppel, or issue preclusion, is used to preclude the relitigation of an issue that already has been decided in a different cause of action." Brown v. Carnahan, 370 S.W.3d 637, 658 (Mo. 2012) (en banc). Under Missouri law, determining whether collateral estoppel applies requires consideration of the following factors:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Royal Ins. Co. of America v. Kirksville Coll. of Osteopathic Medicine, Inc., 304 F.3d 804, 807 (8th Cir. 2002) (quoting James v. Paul, 49 S.W.3d 678, 682 (Mo. 2001) (en banc)); see also State ex. rel Johns v. Kays, 181 S.W.3d 565, 566 (Mo. 2006) (en banc) (per curiam). On the surface, all of these factors seem to favor application of collateral estoppel:

- The issue decided in the first suit is the same issue presented in this case; namely, does Missouri law permit Plaintiff to pursue this claim in a judicial forum?
- The prior adjudication resulted in judgment on the merits of that issue. Collateral estoppel does not require (as does its relative, res judicata) a final judgment per se; it only requires a final determination of the issue under consideration. Sexton v. Jenkins & Assoc., Inc., 152 S.W.3d 270, 273-74 (Mo. 2004) (en banc). The first decision actually resolved the merits of this question.

- Plaintiff – the party against whom collateral estoppel is asserted – was the plaintiff in the first suit.
- Plaintiff – the party against whom collateral estoppel is asserted – had a full and fair opportunity to litigate the issue.

Plaintiff argues the fourth component imports an overarching and general requirement of fairness, but the Court disagrees. The fourth factor is important when the parties are different; that is, when non-mutual collateral estoppel is being applied. E.g., Oates v. Safeco Ins. Co. of Am., 583 S.W.2d 713, 719 (Mo. 1979) (en banc) ("Fairness is the overriding consideration in determining whether or not to apply the Doctrine of Mutuality."). Plaintiff goes to great lengths to suggest the Harley-Davidson entities in this suit are different from the Harley-Davidson entities sued in the first suit. The Court is not convinced. However, even if the Harley-Davidson defendants are different, the Court is also not persuaded there is any unfairness in applying non-mutual collateral estoppel. The change in law through the announcement of judicial opinions is not the sort of "fairness" this factor was intended to address.[4]

If this were the end of the inquiry, Harley-Davidson would likely prevail. However, there is another issue to be considered: the extent to which collateral estoppel applies in light of changes in the law. Harley-Davidson contends the decisions from the Missouri Court of Appeals do not matter, and cites *Healy v. Atchison, Topeka & Santa F. R. Co.* for that proposition. However, *Healy* clearly states the issue "is one of res judicata" and not collateral estoppel. 287 S.W.2d 813, 814 (Mo. 1956). The opinion addresses application of res judicata to a second suit after the first suit was resolved on its merits and a final judgment entered. The presence of a final judgment – and the fact that the case does not involve collateral estoppel – renders *Healy* inapplicable here.

---

[4]Needless to say, if the Court is incorrect in its understanding of this factor and there is a broader component of fairness, Plaintiff readily prevails. Plaintiff should not be deprived of her day in court simply because this Court incorrectly forecasted Missouri law when presented with an issue of first impression. Ideally, the interpretation of law provided by this Court in the first case should have been the same as the interpretation ultimately pronounced by Missouri's courts. The fortuitousness of the case being in federal court should not result in a different legal interpretation or application of state law.

In contrast, with respect to collateral estoppel, Missouri courts require the factual and legal landscape to be the same. "[I]n order for collateral estoppel to apply, the issue in the later case must be identical in all respects with that decided in the earlier case, *and the controlling facts and applicable legal rules must remain unchanged*. A judicial declaration intervening between the earlier case and the later case can, of course, change the applicable legal rules." ASARCO, Inc. v. McNeill, 750 S.W.2d 122, 129 (Mo. Ct. App. 1988) (emphasis supplied). The Eighth Circuit has made a similar observation about Missouri law, acknowledging that "an intervening change in the law may prevent the application of collateral estoppel (issue preclusion) [although] no similar exception exists for the doctrine of res judicata (claim preclusion)." Medvick v. City of University City, Mo., 995 F.2d 857, 858 (8th Cir. 1993); see also Ginters v. Frazier, 614 F.3d 822, 826-27 (8th Cir. 2010) (discussing collateral estoppel under federal law); but see Buckley v. Buckley, 889 S.W.2d 175, 179 (Mo. Ct. App. 1994) (purposes of collateral estoppel "are not served by permitting relitigation based on changes . . . in legislative or decisional law.").

The question then becomes: did the two Missouri appellate decisions change the law? Harley-Davidson contends they did not because they are not binding on this Court. The Court disagrees. These were the first two reported decisions from Missouri interpreting the amended (and inarguably vague) statute. Alone, either would be persuasive evidence of what the Missouri Supreme Court would hold: that there are two such decisions makes them even more persuasive. Together these cases changed the governing law regarding the exclusivity of Missouri's Worker's Compensation Law with respect to occupational diseases.

Were there a final judgment such that res judicata applied, then Harley-Davidson would have the better of the argument: a final, conclusive determination of the claim cannot be resurrected by a subsequent change in the law. Had Plaintiff obtained relief on her claim in the administrative proceeding, her claims would be conclusively adjudicated. Here, however, there is no such judgment. While *Sexton v. Jenkins & Assoc., Inc.* establishes the original decision conclusively resolved the issue, all this means is that collateral estoppel *could* apply – and it applied in *Sexton* because there were no intervening changes in the legal landscape that justified a different outcome. In

7

this case, the intervening change in the law means collateral estoppel should not be applied.

## III. CONCLUSION

The Motion for Summary Judgment is denied.

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                               ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 15, 2013                    UNITED STATES DISTRICT COURT